# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| JASON WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:03-CR-26-TS |
| | ) | (1:06cv400) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

**A.    Background**

On April 23, 2003, a Federal Grand Jury sitting in the Northern District of Indiana returned an Indictment against Petitioner Jason White for violation of 21 U.S.C. § 841(a)(1), distribution of cocaine base, commonly known as crack cocaine; 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base; 18 U.S.C. § 922(g)(1), being a felon in possession of firearm; and 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime.

On January 6, 2004, the government dismissed Count One of the Indictment, which had charged Petitioner with distribution of crack cocaine. On January 8 and 9, 2004, Petitioner was tried before a jury. On January 9, 2004, the jury convicted Petitioner of Counts Two (21 U.S.C. § 841(a)(1)), Three (18 U.S.C. § 922(g)(1)), and Four (18 U.S.C. § 924(c)).

On April 21, 2004, Petitioner was sentenced to 150 months imprisonment on Count Two and 120 months on Count Three, to be served concurrently. He was sentenced to 60 months imprisonment on Count Four, to be served consecutive to Counts Two and Three. Final

Judgment was entered on April 21, 2004.[1]

Petitioner appealed, making two claims: first, that the search warrant was defective for failing to describe the Creighton house with particularity, and therefore the fruits of the search should have been suppressed; and second, that the district court erred when it allowed the Government's exclusion of an African American juror.

On July 28, 2005, the Court of Appeals affirmed the Judgment of the district court. *United States v. White*, 416 F.3d 634 (7th Cir. 2005). White filed a petition for writ of certiorari to the United States Supreme Court, which was denied on February 21, 2006. *White v. United States*, 126 S.Ct. 1393 (2006).

On December 21, 2006, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He made several claims in the attached memorandum. In his Reply, he altered his claims significantly and attached an affidavit. The Court would not normally allow a petitioner to alter his claims, but does here because Petitioner is *pro se*.

Petitioner's claims fall into two categories: ineffective assistance of counsel and errors by the district court. In the former category, Petitioner argues that trial counsel was ineffective because she: failed to challenge the warrant's particularity in a *Franks* hearing and in a motion to suppress; stipulated the drug type; stipulated the interstate nexus of the firearm on the felon in possession of firearm charge; stipulated Petitioner's prior conviction; failed to file a motion to sever the firearm count; failed to impeach government witnesses for providing false testimony during the course of the trial; did not inform Petitioner of enhanced penalties for crack cocaine, as opposed to pure cocaine, before she encouraged Petitioner to stipulate that the narcotics were

---

[1] On May 1, 2008, the Court reduced the Defendant's sentence on Count II of the Indictment to 125 months, pursuant to 18 U.S.C. § 3582(c)(2).

crack cocaine.

As to the Court's errors, Petitioner claims that: the Court failed to reject, *sua sponte*, his interstate nexus stipulation; there was insufficient evidence at trial to prove the interstate nexus of the firearm; the search warrant was not executed "immediately" and therefore the fruits of the search should have been suppressed; and there was insufficient evidence to prove that Petitioner was a resident at the Creighton house.

**B.     Standard for a § 2255 motion**

"[R]elief under § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Motions to vacate a conviction or correct a sentence ask the court to grant an extraordinary remedy to one who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Therefore, a § 2255 motion will only be granted when the sentence has been imposed in violation of the Constitution or laws of the United States, the court that imposed the sentence was without jurisdiction, the sentence was in excess of the statutory maximum, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

"A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Therefore, three types of issues are procedurally barred in § 2255 motion: (1) those that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds).

Therefore, three types of issues are procedurally barred in § 2255 motion: (1) those that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the petitioner demonstrates cause for the procedural default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds). An exception to the procedural bar exists if a petitioner can show that the Court's failure to hear the issue would result in a fundamental miscarriage of justice—which requires an actual showing of innocence. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Also, ineffective assistance of counsel claims may always be raised in § 2255 cases. *Massaro v. United States,* 538 U.S. 500, 504 (2003).

If the claims in a § 2255 motion fall within this narrow scope, then the Court will determine if the allegations warrant an evidentiary hearing. *See* 28 U.S.C. § 2255. If the petitioner alleges facts that, if true, would entitle him to relief, the Court must grant an evidentiary hearing. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). However, these allegations must be in the form of a sworn affidavit which shows that the petitioner "had actual proof of the allegations going beyond mere unsupported assertions." *Kafo*, 467 F.3d at 1067. A court is not bound to grant an evidentiary hearing when petitioner's allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Bruce*, 256 F.3d at 597.

## C. Material Facts

A petitioner must submit, in the form of an affidavit, factual allegations to support his § 2255 motion. *Kafo*, 467 F.3d at 1067. In an affidavit signed on August 1, 2007, Petitioner submitted the following facts:

On March 25, 2003, Confidential Informant Sandra Boone came to Petitioner's house and asked to use the bedroom. She entered the bedroom and smoked some crack. Petitioner smelled the crack and Boone tried to persuade him to smoke some with her. Petitioner did not sell or give Boone any drugs, nor did Boone give Petitioner any money at this time. Petitioner's brother told him that Boone returned later that night.

Petitioner and Boone had been romantically involved at one time. Soon before this March meeting, Petitioner had gotten engaged to another woman. Petitioner believes that Boone was jealous and that this engagement made her upset, causing her to lie to the police to set Petitioner up.

On April 1, 2003, a man called Petitioner on the telephone and told him he wanted to meet at the Creighton house. Petitioner agreed to meet him outside the house in Petitioner's car but did not agree to sell him any crack. Petitioner claims that no reasonable person would agree on the telephone to sell drugs to a total stranger.

As Petitioner was in the car waiting to meet this man outside of the Creighton house, police surrounded Petitioner and arrested him. They took his wallet and driver's license. But somehow these two items "mysteriously turned up in a drawer containing drug[s] and a firearm." Petitioner knows for a fact that the only way that the wallet could have ended up in that drawer

5

was if it were planted there. Petitioner claims to "have no idea how the gun and drugs came to be in the house."

Petitioner was taken to jail where detectives told him that, unless he admitted to owning the drugs and gun, they would arrest and charge his mother because she owned the house. Petitioner therefore told them to write whatever testimony they wanted and he would sign it, just as long as they left his mother alone. Petitioner signed the statement without reading it.

**D.      Discussion**

**1.      *Ineffective Assistance of Counsel***

To prove ineffective assistance of counsel, a petitioner must "show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *See Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Wiggins,* 539 U.S. at 521. Prejudice is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Benefiel v. Davis,* 357 F.3d 655, 662 (7th Cir. 2004).

In an ineffective assistance of counsel claim, the Court's review is "highly deferential" to the attorney, with the underlying assumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Holman,* 314 F.3d 837, 840 (7th Cir. 2002). To succeed on a claim of ineffective assistance of counsel, a petitioner must show "errors

so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* at 839.

a. *Failure to Use a Particularity Argument Against the Search Warrant*

During the pretrial phase, in a motion to suppress and a motion requesting a *Franks* hearing, defense counsel argued that the search warrant was a "general warrant" and therefore the evidence taken from the Creighton house should have been suppressed. Petitioner claims that counsel was ineffective for not also attacking the lack of particularity in the search warrant. On appeal, Petitioner made this particularity argument and lost. He pressed it again in a petition for writ of certiorari to the Supreme Court, which was denied.

In order to prove ineffective assistance of counsel, Petitioner must show that counsel's actions were below an objective standard of reasonableness, and that these actions prejudiced the defense. *Wiggins*, 539 U.S. at 521. The Court does not enter into the question of whether counsel's decision was below an objective standard of reasonableness because, given that the particularity argument failed on appeal, the Court does not believe that counsel's decision prejudiced Petitioner. *See White*, 416 F.3d at 640 ("Viewed in full, even if the house did contain multiple units, the warrant was sufficient at the time of issue."). The Court dismisses this claim and denies Petitioner's request for an evidentiary hearing on it.

b. *Stipulation of Drug Type*

Before trial began, defense counsel stipulated that the drugs involved in the case were crack cocaine. However, Petitioner had never seen the drugs before his arrest. Petitioner claims

this stipulation was ineffective assistance of counsel because it amounted to a guilty plea on the charge of possession of crack cocaine with intent to distribute—it showed the jury that Petitioner had particular knowledge of the drugs. As the Government points out, Petitioner's defense at trial was not that he had never seen the drugs, but that there was insufficient evidence to prove that he had possessed them. In light of all the trial evidence, counsel's strategy to maintain this theory of defense was reasonable. Moreover, the nature of the drugs and whether the Defendant knew about them are completely unrelated issues; acknowledging the chemical make-up of the drugs did not equate to admitting that Petitioner knew about or possessed them. Petitioner has not show that counsel's actions were below an objective standard of reasonableness.

Furthermore, counsel's decision did not prejudice the defense. The Government had two narcotics officers to testify that the drugs were crack cocaine and Petitioner has not alleged facts that show that the drugs were not crack cocaine. The Court dismisses this claim and denies Petitioner's request for an evidentiary hearing on it.

c. *Stipulation of Interstate Nexus of Firearm*

Trial counsel stipulated that the firearm confiscated from the Creighton house had traveled in interstate commerce. Petitioner claims this was ineffective assistance of counsel because it amounted to a guilty plea on the firearm charges—it showed the jury that Petitioner had particular knowledge of the gun. Here, too, Petitioner's defense at trial was not that he had not seen the gun before, but that he had not possessed it. In light of all the trial evidence, counsel's strategy to maintain this theory of defense was reasonable. Furthermore, simply acknowledging that the gun was manufactured in one State and ended up in Indiana, thus

constituting interstate commerce, does not amount to an acknowledgment that Petitioner possessed the gun. The interstate nexus element has little to do with whether Petitioner had knowledge of or possessed the gun.

The Court finds that counsel's actions were not unreasonable and did not prejudice the defense. The Court dismisses this claim and denies Petitioner's request for an evidentiary hearing on it.

d. *Stipulation of Petitioner's Prior Conviction*

In regard to the charge of felon in possession of a firearm, trial counsel stipulated that Petitioner had been convicted of a prior felony. Petitioner claims this was ineffective assistance of counsel because it biased the jury as to the other two charges.

The Court does not find that counsel's choice to stipulate the prior felony fell below an objective standard of reasonableness. The alternative would have been for the Government to prove the prior conviction, which was a drug conviction. The Court dismisses this claim and denies Petitioner's request for an evidentiary hearing on it.

e. *Motion to Sever Felon in Possession of Firearm Charge*

Before trial, defense counsel did not file a motion to sever the felon in possession of a firearm charge. Petitioner claims that this was ineffective assistance of counsel because it gave the jury knowledge of Petitioner's prior conviction, which could have biased them in deciding the other two charges.

The Court does not find that counsel's strategic choice to try all counts together fell below an objective standard of reasonableness. Further, Petitioner has not shown that the outcome at trial would have been any different had counsel filed the motion to sever or that the motion to sever would have been granted in the first place. In any case, the jurors were instructed by the Court not to use the knowledge of Petitioner's prior felony conviction for any purpose except for determining if he was guilty of being a felon in possession of a weapon. The Court dismisses this claim and denies Petitioner's request for an evidentiary hearing on it.

f.  *Impeachment of Government Witnesses*

At trial the Government called two detectives as witnesses. Petitioner claims that it was "more than evident" that the detectives' stories were manufactured. (Pet.'s Mem. at 11). Petitioner argues that trial counsel rendered ineffective assistance because she did not impeach these witnesses.

However, Petitioner provides no evidence in his affidavit that shows "actual proof of the allegations going beyond mere unsupported assertions." *Kafo*, 467 F.3d at 1067. The Court, therefore, dismisses this claim and denies Petitioner's request for an evidentiary hearing on it.

g.  *Enhanced Penalties for Crack Cocaine*

Petitioner argues that his trial counsel rendered ineffective assistance of counsel because, before she counseled Petitioner to stipulate that the drugs were crack cocaine, she did not inform him that there were greater penalties for crack cocaine than for pure cocaine.

However, Petitioner does not establish that the outcome at trial would have been different had he not made this stipulation. The alternative was that the Government would have had to prove that the substance was crack cocaine. Two narcotics officers would have testified that the drugs were crack cocaine and Petitioner has alleged no facts that show that the drugs were not crack cocaine. The Court dismisses this claim and denies Petitioner's request for an evidentiary hearing on it.

### 2. *Errors by the District Court*

First, the Petitioner claims that the Court should have denied his interstate nexus of the firearm stipulation and demanded that the Government prove the interstate nexus of the firearm. Second, he argues that there was insufficient evidence to prove the interstate nexus of the firearm. Third, he claims that the search on April 1 was unreasonable under the Fourth Amendment because the warrant was not executed immediately after it was issued. Finally, Petitioner alleges that, at trial, there was insufficient evidence that he was a resident at the Creighton house capable of possessing the firearm and drugs.

All four claims are procedurally barred in this § 2255 action as they fall into the category of either (1) non-constitutional issues that could have been but were not raised on direct appeal; or (2) constitutional issues that could have been but were not raised on direct appeal and for which Petitioner has not shown cause and prejudice or that he was actually innocent. *Belford*, 975 F.2d at 313; *McCleese*, 75 F.3d at 1177.

**D.	Conclusion**

For the reasons stated in this Opinion and Order, the Court dismisses all of Petitioner's claims and denies his § 2255 motion. (DE 109).

SO ORDERED on January 12, 2010.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT